IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3339-FL

| | | |
|---|---|---|
| REGINALD COREY GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VENECIA S. OUTLAW, SHAKEEBA M. HUDSON, EVANGELINE MILLER, and JAMES ANTHONY HARRIS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment (DE 55) pursuant to Federal Rule of Civil Procedure 56. The motion was briefed fully and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint September 7, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to a water leak in the ceiling of his cell, and that as a result he fell and broke his leg, in violation of the Eighth Amendment to the United States Constitution. Defendants Venecia Outlaw ("Outlaw"), Shakeeb Hudson ("Hudson"), Evangeline Miller ("Miller"), and Anthony Harris ("Harris"), sued in their individual capacities, were correctional officers at Central Prison in Raleigh, North Carolina, during the relevant timeframe. As relief, plaintiff seeks compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management

order, defendants filed the instant motion for summary judgment. Defendants argues that the undisputed evidence shows they were not personally responsible for any alleged failure to fix the ceiling, that plaintiff cannot provide competent evidence to support the elements of an Eighth Amendment claim, and they are entitled to qualified immunity. In support of the motion, defendants rely upon memorandum of law, statement of material facts, and appendix of exhibits thereto comprising the following: 1) defendants' personal declarations; and 2) maintenance work order requests for plaintiff's cell.

Plaintiff filed two responses in opposition to the motion. By his first response, plaintiff argues that the court should deny or defer ruling on the instant motion because he was not afforded sufficient time to complete discovery, and he relies on his personal affidavit in support of this request. In the second response, plaintiff argues that genuine disputes of material fact preclude entry of summary judgment in favor of defendants. In support of this second response, plaintiff relies upon memorandum of law, opposing statement of material facts, and appendix of exhibits thereto comprising the following: 1) his personal declaration; 2) maintenance work order requests for plaintiff's cell; 3) response to plaintiff's administrative grievance; 4) medical report documenting plaintiff's injuries; and 5) email correspondence between plaintiff and defendants' attorneys.

## STATEMENT OF FACTS

Except as otherwise noted below, the court recounts the facts in the light most favorable to plaintiff. Plaintiff was housed at Central Prison in March 2022, and he was assigned to a cell with a damaged ceiling that caused water to leak into his cell on a regular basis. (Pl's Decl. (DE 67-1)

at 2; Harris Decl. (DE 57-1)).[1] As a result, plaintiff "constantly advised defendants, and [subordinate] staff, about the ceiling [leak]" but "[t]hey did nothing to remove plaintiff out of [the] cell" even though other cells were available to house plaintiff. (Pl's Decl. (DE 67-1) at 2). While records indicate that plaintiff's cell was evaluated by members of the maintenance staff, plaintiff continued to complain that water was leaking into his cell from his ceiling throughout March 2022. (Miller Work Order (DE 67-3) at 2; Harris Work Order (DE 57-1) at 5; Maintenance Work Order (DE 57-5) at 5). On March 18, plaintiff got out bed and slipped on the wet floor, causing him to fall and break his leg, and sustain injuries to his lower back and neck. (Pl's Decl. (DE 67-1) at 2; Pl's Stmt. (DE 66) at 2). The leak was repaired on April 1, 2022. (Pl's Stmt. (DE 66) at 2; Miller Work Order (DE 67-3) at 2).

### DISCUSSION

A.  Plaintiff's Rule 56(d) Request and Spoliation

As a threshold issue, plaintiff argues that he was not afforded sufficient time for discovery prior to defendants' motion for summary judgment. (DE 62, 62-1). Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion [for summary judgment] or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014). Thus, "district courts should not consider summary judgment motions

---

[1] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

where the nonmoving party has not had an opportunity to discover information essential to its opposition." Farabee v. Gardella, 131 F.4th 185, 193 (4th Cir. 2025).

Plaintiff was afforded adequate time to complete discovery in this action. Indeed, the court provided approximately six months for discovery and appointed counsel to assist plaintiff with conducting discovery. (DE 24, 28). And neither plaintiff nor his counsel informed the court that the discovery produced was inadequate or deficient in material respects prior to defendants' instant motion for summary judgment. Accordingly, the court denies plaintiff's request for relief under Rule 56(d). Compare Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021) (stating district court erred by granting summary judgment where plaintiff was proceeding pro se and he was not afforded any opportunity for discovery). In addition, and in the alternative, the additional discovery that plaintiff requests, (DE 62-1), would not change the court's analysis of the merits of his claim. See McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 484 (4th Cir. 2014) (explaining district court may deny relief under Rule 56(d) "when the information sought would not by itself create a genuine issue of material fact").

Plaintiff also argues that defendants destroyed the incident report completed after plaintiff's slip and fall. Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). "The imposition of a sanction (e.g., an adverse inference) for spoliation of evidence is an inherent power of federal courts—though one limited to that action necessary to redress conduct which abuses the judicial process." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 449 (4th Cir. 2004).

However, a sanction for spoliation "cannot be drawn merely from [a party's] negligent loss

or destruction of evidence." Id. at 450. "[T]he conduct must be intentional," and "the alleged destroyer must have known that the evidence was relevant to some issue in the anticipated case, and thereafter willfully engaged in conduct resulting in the evidence's loss or destruction." Turner, 736 F.3d at 282.

Here, plaintiff fails to offer support for his conclusory allegation that defendants intentionally destroyed the incident report. Indeed, the record suggests the report was overwritten due to a clerical error. (Email regarding incident report (DE 62-2)). Accordingly, the court declines to impose sanctions on defendants for spoliation of evidence.

B.  Summary Judgment Motion

  1.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).[2]

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome

---

[2] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489–90.

2. Analysis

Plaintiff asserts that defendants violated his constitutional rights by failing to repair the leak in the ceiling of his cell. Challenges to conditions of confinement arise under the Eighth Amendment to the United States Constitution, which proscribes "cruel and unusual punishments."

6

U.S. Const. amend. VIII.  Under the Eighth Amendment, prison officials must "provide humane conditions of confinement [by] ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care."  Farmer v. Brennan, 511 U.S. 825, 832 (1994); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."  Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993).  Under the first prong, "a prisoner must establish . . . a serious or significant physical or emotional injury" or that "he was incarcerated under conditions posing a substantial risk of serious harm."  Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014).  "Only extreme deprivations are adequate to satisfy the objective component of [a] claim regarding conditions of confinement."  De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2023).

The deliberate indifference prong requires a showing that defendants knew of and disregarded an excessive risk to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 837–38 (1994); Danser, 772 F.3d at 347.  A plaintiff may establish deliberate indifference by producing direct evidence showing the prison official had actual knowledge of the risk and failed to ameliorate the conditions.  Farmer, 511 U.S. at 842–43.  As an alternative, "a prison official's subjective actual knowledge can be proved through circumstantial evidence" by showing that the risk was "obvious" and that the circumstances suggest the defendants must have known about it.  Makdessi, 789 F.3d at 133; see also Farmer, 511 U.S. at 842.  The official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate."  Iko v.

Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844; Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

Here, the court will assume without deciding that plaintiff offers sufficient evidence to create a triable issue of fact on the objective prong, where he broke his leg due to the water intrusion in his cell. See De'Lonta, 330 F.3d at 634 (limiting inquiry to whether plaintiff suffered significant injury as a result of the challenged condition); Danser, 772 F.3d at 346 (same). As defendants emphasize, the work orders suggest that the ceiling damage was repaired before plaintiff's fall, in which case any water in the cell would not be attributable to such damage. (See Harris Work Order (DE 57-1) at 5; Maintenance Work Order (DE 57-5) at 3). But, contrary to these work orders, plaintiff offers evidence suggesting the ceiling was not repaired until April 2022, and the court must adopt plaintiff's version of the facts in this procedural posture. See Dean v. Jones, 984 F.3d 295, 301 (4th Cir. 2021); (Pl's Stmt. (DE 66) at 1; Miller Work Order (DE 67-3 at 2).

Plaintiff, however, has not shown that defendants were deliberately indifferent under the standard set forth above. To the contrary, defendants Miller and Harris both contacted maintenance to fix the ceiling. (Miller Work Order (DE 67-3) at 2; Harris Work Order (DE 57-1) at 5). And "good faith efforts to remedy" the problem generally preclude a finding of deliberate indifference. Koon v. United States, 50 F.4th 398, 407 (4th Cir. 2022).

To the extent plaintiff argues that defendants' response was deficient because they knew that maintenance could not fix the problem until the entire prison roof was repaired, he fails to

offer any sworn testimony or documentary evidence supporting that claim. Plaintiff's exhibits show that he continued complaining about the leak in the ceiling after the initial maintenance visits, but that does not establish that defendants were aware that maintenance workers were unable to resolve the issue. (See Work Orders (DE 67-2, 67-3, 67-4)). Indeed, defendants Harris and Miller continued to contact maintenance when plaintiff complained. (See id.). To survive defendant's motion, plaintiff must come forward with evidence showing not only that defendants were aware of the problem, but also that they "subjectively recognized that any actions [they] took in response were inappropriate in light of that risk." See Ford v. Hooks, 108 F.4th 224, 230 (4th Cir. 2024) ("It is not enough that the prison official should have recognized the risk and the inadequacy of his response. Instead, the official actually must have perceived both."). Plaintiff fails to present evidence showing a genuine dispute of fact as to this second component.

Plaintiff emphasizes that he "constantly advised defendants" about the damaged ceiling and "they did nothing to remove plaintiff out of [his] cell." (Pl's Decl. (DE 67-1). But the fact that more or different methods could have, or, with hindsight, should have been employed does not change the analysis. This is because "[i]t is not enough simply to point to what could or should have been done. That is the language of negligence. Deliberate indifference requires a conscious choice to ignore something." Koon, 50 F.4th at 407. And plaintiff cannot meet this standard with conclusory assertions that he advised defendants of the problem and they "did nothing," particularly where the work orders demonstrate that defendants Harris and Miller promptly contacted maintenance and requested that they repair the ceiling. See Wai Man Tom v. Hospitality Ventures, 980 F.3d 1027, 1037 (4th Cir. 2020) (explaining "conclusory allegations or

9

denials, without more, are insufficient to preclude granting the summary judgment motion"); (Miller Work Order (DE 67-3) at 2; Harris Work Order (DE 57-1) at 5).

Finally, with respect to defendants Outlaw and Hudson, plaintiff fails to offer specific evidence suggesting they understood the response to the issue was inadequate. See Ford, 108 F.4th at 230 (requiring record evidence that the warden recognized his response was inadequate). As set forth above, Central Prison staff members repeatedly responded to plaintiff's complaints about the water in his cell. (See Work Orders (DE 67-2, 67-3, 67-4) see also Harris Work Orders (DE 57-1) at 4–6; Additional Work Orders (DE 57-5)). And plaintiff's conclusory assertions that these defendants "did nothing" is insufficient to create a triable issue of fact on this record. See Wai Man Tom, 980 F.3d 1037.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 55) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge